IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN CARROLL MASSEY                                                              PLAINTIFF

v.                              Civil No. 2:21-CV-02166

CAPTAIN DUMAS, CORPORAL MASSEY                                                       DEFENDANTS
and LANCE CORPORAL ASHLEY SMITH
(All at Sebastian County Detention Center)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed his Complaint on October 8, 2021. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file a completed *in forma pauperis* ("IFP") application by October 29, 2021. (ECF No. 4). On October 27, 2021, the Order was returned undeliverable, and was forwarded to the Arkansas Division of Correction ("ADC"), Ouachita River Unit. (ECF No. 6). On November 8, 2021, Plaintiff filed a completed IFP application, and was granted IFP status on November 16, 2021. (ECF Nos. 7, 9).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Plaintiff alleges his constitutional rights were violated by the conditions of confinement while he was incarcerated in the Sebastian County Detention Center ("SCDC"). Specifically, he states he was found guilty of a disciplinary charge and held shackled in segregation between May 26, 2021, to August 19, 2021. (ECF No. 1 at 4). He further alleges he was not permitted access to the law library or to the kiosk to file a grievance, and he and other inmates[2] were "restricted from mail." Plaintiff alleges that Defendant Captain Dumas ordered the punishment, Defendant Corporal Massey served and enforced the disciplinary sentence, and Defendant Lance Corporal Smith restricted him from the kiosk and law library. (*Id*.). Plaintiff alleges he was injured by the disciplinary sentence because he suffered from stress due to the lack of access to mail and the law library, was "unable to express my complaints and grievance[s] properly," and suffered "minimal physical injuries from shackles." (*Id*. at 5).

Plaintiff proceeds against all Defendants in their individual and official capacities. (ECF No. 1 at 5). For his official capacity claim, Plaintiff alleges that "if you look at the policy for punishment you'll see that it doesn't mention anything about being shackled and regardless of the punishment I am still granted access to my mail and law library and kiosk." (*Id*.). Plaintiff seeks compensatory damages for "excessive confinement," including all court costs, filing fees, and attorney fees. (*Id*. at 9).

On January 22, 2022, the Court entered an Order directing Plaintiff to file additional details concerning his wearing of shackles. (ECF No. 11). Plaintiff filed his Addendum on February 8, 2022. (ECF No. 12). Plaintiff alleges that on the first night, May 26, 2021, he was shackled (ankle and belly chains) in the BC Pod, day room, between 1:00 a.m. and 3:00 a.m. (*Id*. at 2). From May

---

[2] As interpreted by relevant case law, the Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed *in forma pauperis*. *See e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). Any reference in Plaintiff's Complaint to other inmates who allegedly experienced the same conditions of confinement will not be discussed.

2

27, 2021, through August 19, 2021, he was shackled during his daily "hour out," except for the approximately fifteen (15) minutes he was permitted out of the shackles to shower. (*Id.*).

## II.   LEGAL STANDARD

Under § 1915A, the Court is obliged to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Access to Grievance Kiosk

Plaintiff alleges that he was not permitted access to the kiosk to file a grievance. (ECF No. 1 at 4). The Eighth Circuit has made it clear prisoners do not have a constitutional right to a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (no claim when "various defendants denied his grievances or otherwise refused to help him"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (no claim when defendants failed to timely and properly respond to a grievance). Thus, a prison official's failure to properly respond to a grievance, standing alone, is not actionable under § 1983. *Id*. As there is no constitutional right to either a grievance procedure or a grievance response, Plaintiff has failed to state a plausible claim based on his allegation that Defendant Lance Corporal Smith restricted him from the grievance kiosk.

### B. Denial of Access to Courts: Law Library and Mail

Plaintiff has failed to state a cognizable claim for denial of access to the courts based on his allegation that Defendant Lance Corporal Smith restricted his access to mail and the law library. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in several ways including, prison libraries,

jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

An inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis*, 518 U.S. at 351-52; *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824-25; *see also Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. at 350-51). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds*, 430 U.S. at 824-25.

Here, Plaintiff was able to obtain a § 1983 form and file this lawsuit while he was incarcerated in the SCDC. He does not allege that he suffered any actual injury or prejudice resulting from the lack of access to the law library or mail restriction. Thus, he fails to state a plausible claim for denial of meaningful access to court based on his allegation that Defendant Lance Corporal Smith restricted his access to mail and the law library.

## IV. CONCLUSION

Accordingly, the undersigned makes the following recommendations:

1. That Plaintiff's claims against Defendant Lance Corporal Smith for denial of access to the grievance kiosk, law library, and mail be DISMISSED WITHOUT PREJUDICE.

2. That Defendant Lance Corporal Smith be DISMISSED as a Defendant from this case.

3. That Plaintiff's claims concerning the use of shackles during his disciplinary sentence should remain for further review against Captain Dumas and Corporal Massey.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of February 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE