IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHNATHAN CARROLL MASSEY                                                                     PLAINTIFF

v.                                     Civil No. 2:21-cv-02166-PKH-MEF

CAPTAIN DUMAS and                                                                            DEFENDANTS
CORPORAL MASSEY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I.   BACKGROUND

Plaintiff filed his Complaint on October 8, 2021. (ECF No. 1). He alleged that he was subjected to "severe and unusual punishment, segregated and shackled up, no access to kiosk, or law library or mail" while incarcerated at the Sebastian County Detention Center ("SCDC"). (*Id*. at 4). His injuries allegedly included "duress – under stress from lack of access to mail and law library, minimal physical injuries from shackles, under duress from being unable to express my complaints and grievance properly. (*Id*. at 5). He has sued the Defendants in both their official and individual capacity. (*Id*.). For relief, he seeks compensatory damages of $1,000,000.00, plus attorney fees and costs.[1] (*Id*. at 9). Defendants filed their Answer to Plaintiff's Complaint on

---

[1] He also, impermissibly, asserted similar claims on behalf of two other inmates.

1

March 30, 2022. (ECF No. 17). The Court's Initial Scheduling Order was entered on April 4, 2022. (ECF No. 19). On May 31, 2022, Plaintiff filed a Notice of Address Change indicating that he had been transferred to the Arkansas Division of Correction. (ECF No. 21).

Defendants filed a timely Motion for Summary Judgment on August 30, 2022. (ECF Nos. 22-24). On August 31, 2022, the Court entered an Order directing Plaintiff to file his summary judgment response no later than September 21, 2022. (ECF No. 25). Plaintiff was advised that the failure to file his response by the deadline would result in either the Defendants' facts being deemed admitted, or alternatively, in the dismissal of his case. (*Id.*). The Order was not returned undeliverable.

To date, Plaintiff has failed to submit his summary judgment response; he has not requested an extension of time to do so; and he has not otherwise communicated with the Court.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that

the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with a Court Order. He failed to respond to Defendants' Motion for Summary Judgment as ordered by the Court. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of October 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE